UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                               :
ANDRES TITUS & WILLIAM MCLEAN,        :    No. 1:23-cv-00015-JLR
p/k/a "BLACK SHEEP," Individually and on  :
Behalf of All Others Similarly Situated,           :
                                               :
                              Plaintiffs,                  :
                                               :
                              v.                            :
                                               :
UMG RECORDINGS, INC.,                     :
                                               :
                              Defendant.                  :
------------------------------------------------------------X

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
<u>DEFENDANT UMG RECORDINGS, INC.'S MOTION TO DISMISS THE COMPLAINT</u>**

         Pursuant to Federal Rule of Evidence 201, Defendant UMG Recordings, Inc. ("UMG") respectfully requests, in connection with its concurrently filed Motion to Dismiss the Class Action Complaint, that the Court take judicial notice of the following six news articles attached hereto:

         1.      <u>**Exhibit A**</u>, which is a true and correct copy of an August 4, 2009, article entitled *Spotify Closing New Financing at €200 Million Valuation; Music Labels Already Shareholders* written by Michael Arrington for TechCrunch.com, available at https://techcrunch.com/2009/08/04/spotify-closing-new-financing-at-e200-million-valuation-music-labels-already-shareholders/;

         2.      <u>**Exhibit B**</u>, which is a true and correct copy of an August 7, 2009, article entitled *This Is Quite Possible The Spotify Cap Table* written by Michael Arrington for TechCrunch.com, available at https://techcrunch.com/2009/08/07/this-is-quite-possibly-the-spotify-cap-table/;

1

3.      **Exhibit C**, which is a true and correct copy of an August 17, 2009, article entitled *Behind the Music: The real reason why the major labels love Spotify* written by Helienne Lindvall for The Guardian, available at https://www.theguardian.com/music/musicblog/2009/aug/17/major-labels-spotify;

4.      **Exhibit D**, which is a true and correct copy of a March 11, 2015, article entitled *Spotify's pitch to UMG: 'We'll pay you $1bn over the next two years'* written by Stuart Dredge for MusicAlly.com, available at https://musically.com/2015/03/11/spotifys-pitch-umg-well-pay-1bn-next-two-years/;

5.      **Exhibit E**, which is a true and correct copy of a May 3, 2015, article entitled *Revenge Of The Record Labels: How The Majors Renewed Their Grip On Music* written by Zack O'Malley Greenburg for Forbes, available at https://www.forbes.com/sites/zackomalleygreenburg/2015/04/15/revenge-of-the-record-labels-how-the-majors-renewed-their-grip-on-music/?sh=33d35beb2fba; and

6.      **Exhibit F**, which is a true and correct copy of a June 15, 2015, article entitled *Spotify CEO Daniel Ek on Taylor Swift, His 'Freemium' Business Model and Why He's Saving the Music Industry* written by Robert Levine for The Hollywood Reporter, available at https://www.hollywoodreporter.com/news/general-news/spotify-ceo-daniel-ek-taylor-800334/.

As noted by the Supreme Court, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) (holding that for Rule 12(b)(6) motions, "matters judicially noticed by the District Court are not

considered matters outside the pleadings"). Courts may take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to Federal Rule of Evidence 201(c)(2), a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Courts may take judicial notice of "the *fact* that press coverage . . . contained certain information, without regard to the truth of their contents." *Staeher*, 547 F.3d at 425 (emphasis in original); *Gonzales v. Nat'l Westminster Bank PLC*, 847 F. Supp. 2d 567, 569 n.2, 572 (S.D.N.Y. 2012) (taking "judicial notice of publicly available information including newspaper articles" and holding that plaintiff's claim was time-barred where media attention put plaintiff on notice of potential claims); *In re Salomon Analyst Winstar Litigation*, No. 02 Civ. 6171(GEL), 2006 WL 510526, at *4 n.6 (S.D.N.Y. Feb. 28, 2006) (taking judicial notice of the fact that news articles were published, and collecting cases doing the same).

UMG requests that the Court take judicial notice of Exhibits A through F for the fact that press coverage as early as 2009 concerned information about UMG's acquisition of Spotify stock. These exhibits are publicly available news articles such that their authenticity is not reasonably in dispute, and UMG has supplied the Court with both the news articles and the sources at which they can easily be located. As such, judicial notice is appropriate. *See, e.g.*, Fed. R. Evid. 201(b)(2), (c)(2); *Staeher*, 547 F.3d at 425; *Gonzales*, 847 F. Supp. 2d at 569 n.2, 572; *In re Salomon Analyst Winstar Litigation*, 2006 WL 510526, at *4 n.6.

For the forgoing reasons, UMG respectfully requests that the Court take judicial notice of Exhibits A through F attached hereto.

Dated: New York, New York  
       February 27, 2023

SIDLEY AUSTIN LLP

By:   /s/ Ariel Atlas
    Ariel Atlas
    aatlas@sidley.com
    787 Seventh Avenue
    New York, NY 10019
    Telephone: (212) 839-5300
    Facsimile: (212) 839-5599

    Rollin A. Ransom (admitted *Pro Hac Vice*)
    rransom@sidley.com
    Lisa Gilford (admitted *Pro Hac Vice*)
    lgilford@sidley.com
    Lauren M. De Lilly (admitted *Pro Hac Vice*)
    ldelilly@sidley.com
    555 West Fifth Street, Suite 40000
    Los Angeles, CA  90013
    Telephone: (213) 896-6000
    Facsimile: (213) 896-6600

    *Attorneys for Defendant UMG Recordings, Inc.*